IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

Lori E. Hare *as power of attorney for Edna I. Samons*, Plaintiff,

v.

Nationwide Life and Annuity Insurance Company, Defendant.

Case No. 3:24-cv-01252-JDA

**OPINION AND ORDER**

This matter is before the Court following an Order to Show Cause why the Court should not remand the action to state court. [Doc. 6.] Having reviewed the parties' filings and the applicable case law, the Court concludes it does not have subject-matter jurisdiction over this action and, therefore, the case is remanded to the Richland County Court of Common Pleas.

## BACKGROUND

Plaintiff filed this case in the Richland County Court of Common Pleas on October 18, 2023. [Doc. 1-1.] The Complaint alleges that a financial planner/insurance agent for Defendant (the "Agent") recommended that Plaintiff's mother, for whom Plaintiff has power of attorney, surrender a variable annuity and transfer the funds to a fixed annuity because there would be no negative tax consequences resulting from the the transaction as a "1035 exchange." [*Id.* ¶¶ 15, 17–18.] The mother surrendered the variable annuity, but Defendant subsequently rejected her application for the fixed

annuity, which resulted in more than $30,000 in tax liability because the transaction failed to qualify as a "1035 exchange." [*Id.* ¶¶ 19–21.]

The Complaint names Nationwide Life and Annuity Company as the only Defendant.[1] [Doc. 1-1.] The Complaint alleges, inter alia, that Defendant acted negligently, recklessly, willfully, and wantonly in representing the Agent to be a financial planner when he had few or no credentials for that designation; in appointing the Agent as a life insurance and annuity agent/producer within South Carolina when Defendant knew or should have known that he was not properly trained or qualified; and in training the Agent to engage in unscrupulous and deceptive sales tactics. [*Id.* ¶¶ 22–56.] The Complaint asserts state-law claims for negligence, fraud, negligent misrepresentation, and negligent supervision and seeks actual and punitive damages. [*Id.*]

Defendant removed the action based on diversity jurisdiction. [Doc. 1.] Defendant asserts that "Plaintiff seeks to recover damages allegedly resulting from the surrender of an annuity with a value exceeding $200,000"; "alleges that [the Agent] improperly recommended this surrender for the purpose of funding a new annuity to be issued by Nationwide"; and "further alleges that Nationwide did not issue the annuity, preventing a 1035 exchange from being consummated and allegedly resulting in a tax liability exceeding $30,000." [*Id.* at 2–3 (citing Doc. 1-1 ¶¶ 17–18, 20–21).] It also asserts that the amount in controversy is met because "[t]he Complaint specifies an alleged tax liability exceeding $30,000," seeks "other types of actual damages, including 'loss of her securities investments, her limited income potential, loss of quality of life,

[1] The Agent, who is a South Carolina citizen and resident, was named as a defendant in the original complaint in state court, but Plaintiff voluntarily dismissed the claims as against the Agent prior to removal. [Doc. 1 at 1.]

[and] loss of principal,'" and "seeks punitive damages." [*Id.* at 3 (citing Doc. 1-1 ¶¶ 26–27).]

On June 25, 2024, the Court issued an Order to Show Cause why the Court should not remand this action to the state court based on lack of subject-matter jurisdiction because the amount in controversy did not appear to exceed the jurisdictional threshold.[2] [Doc. 6.] On July 8 and 15, Defendants filed a response to the Order to Show Cause and Plaintiff filed a reply to the response. [Docs. 7; 8.] On July 16, the Court issued a Text Order stating as follows:

> Plaintiff has stipulated that "the amount in controversy in this matter and the damages she seeks are less than $75,000." [Doc. 8.] The Court is not convinced that that stipulation would be sufficient to deprive this Court of diversity jurisdiction based on the facts before it. *See, e.g.*, *Brailsford v. Fresenius Med. Ctr. CAN Kidney Ctrs. LLC*, No. 2:15-cv-04012-DCN, 2017 WL 1214337, at *5 (D.S.C. Apr. 3, 2017) (concluding that an affidavit from the plaintiff "in which she certifie[d] that she [was] seeking 'monetary damges' in a 'sum less than or equal to' $74,999" did "not change the court's conclusion that [the plaintiff's recovery] could reasonably exceed the jurisdictional amount"). If Plaintiff would like to have this case remanded to state court, Plaintiff must certify, within seven (7) days of the issuance of this Order, that her stipulation that she seeks damages in an amount less than $75,000 is irrevocable; that she will at no time move to amend her Complaint to seek an amount in excess of $75,000; and that she will not attempt to collect on any judgment rendered in excess of $75,000 in the event a verdict is rendered exceeding that amount. Such a certification will result in this matter being remanded. *See, e.g.*, *SNB Props. v. CMH Homes, Inc.*, No. 1:22-cv-02158-SAL, 2022 WL 17976781 (D.S.C. Dec. 28, 2022). Alternatively, Plaintiff may decline to make such a

---

[2] The Fourth Circuit Court of Appeals has explained that, in a removed case, a "district court may inquire *sua sponte* whether it has subject matter jurisdiction and impose on the defendants the burden of demonstrating jurisdiction." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008).

> certification, in which case the Court will find that it possesses diversity jurisdiction in this matter.

[Doc. 9.] On July 23, Plaintiff filed the stipulation contemplated by the Text Order. [Doc. 10.]

## APPLICABLE LAW

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Remand of a case to state court following removal is governed by 28 U.S.C. § 1447, which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). "Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." *Id.* Thus, remand is necessary if federal jurisdiction is doubtful. *Id.* "[C]ourts within the District of South Carolina have leaned toward requiring [removing defendants] to show either to a legal certainty or at least to within a reasonable probability that the amount-in-controversy has been satisfied." *Murray v. Progressive N. Ins.*, No. 2:21-cv-03148-DCN, 2022 WL 42813, at *2 (D.S.C. Jan. 5, 2022) (internal quotation marks omitted).

## DISCUSSION

In this case, Defendant alleges that removal was proper because the district court has diversity jurisdiction to hear Plaintiff's claims under 28 U.S.C. § 1332, which grants district courts "original jurisdiction of all civil actions where the matter in

controversy exceeds the sum or value of $75,000, exclusive of all interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). Section 1332 requires complete diversity of all parties, which exists where "no party shares common citizenship with any party on the other side." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). It is undisputed here that there is complete diversity among the parties. The only dispute concerns whether the amount in controversy has been satisfied. The Court concludes that it has not.

"Courts generally determine the amount in controversy by examining the complaint at the time of commencement of the state court action and at the time of removal." *Stanley v. Auto-Owners, Ins. Co.*, 423 F. Supp. 3d 225, 228 (D.S.C. 2019). "In most cases, the sum claimed by the plaintiff controls." *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010) (internal quotation marks omitted). However, when the plaintiff does not specify any amount, courts in this district "have found that a post-removal stipulation that damages will not exceed the jurisdictional minimum can be considered as a clarification of an ambiguous complaint, rather than a post-removal amendment of the plaintiff's complaint." *Carter v. Bridgestone Ams., Inc.*, No. 2:13-cv-00287-PMD, 2013 WL 3946233, at *1–2 (D.S.C. July 13, 2013) (internal quotation marks omitted); *see Stanley*, 423 F. Supp. 3d at 229 (collecting cases).

Here, Plaintiff's Complaint does not specify the amount of damages sought. [*See* Doc. 1-1 at 3–14.] Accordingly, the Court must determine whether the stipulation permissibly clarifies an ambiguous Complaint. *See SNB Props.*, 2022 WL 17976781, at *3. Defendant argues that Plaintiff's allegations regarding the amount of her actual damages, combined with her request for punitive damages, are sufficient to bring this

case over the threshold jurisdictional amount. [Doc. 7.] Defendant also notes that Plaintiff—as of the time Defendant filed its response—had not stipulated that her damages were less than $75,000. [*Id.* at 4.] As noted, Plaintiff has now stipulated that she seeks damages in an amount less than $75,000; that her stipulation is irrevocable; that she will at no time move to amend her Complaint to seek an amount in excess of $75,000; and that she will not attempt to collect on any judgment rendered in excess of $75,000. [Docs. 8; 10.]

Defendant is correct that punitive damages "must be included in the calculation of the amount in controversy." *Mattison v. Wal-Mart Stores, Inc.*, No. 6:10-cv-01739-JMC, 2011 WL 494395, at *2 (D.S.C. Feb. 4, 2011) (internal quotation marks omitted). "But courts in this district have established that the mere existence of a claim for punitive damages will not establish to a legal certainty or reasonable probability that the amount in controversy exceeds $75,000." *SNB Props.*, 2022 WL 17976781, at *3 (internal quotation marks omitted) (collecting cases). The Court concludes that in this case, as in *SNB Properties*, "the amount of damages [Plaintiff] will seek in connection with [her] claim for punitive damages are . . . too uncertain to conclude that Plaintiff's complaint is unambiguous." *Id.* (holding that when the plaintiff requested actual and punitive damages in an unspecified amount and the evidence indicated that the amount of actual damages sought could be at least $23,500, the complaint was ambiguous regarding whether the jurisdictional amount was satisfied, and a post-removal stipulation by the plaintiff ensuring that the plaintiff would never recover more than $75,000 in actual and punitive damages clarified the complaint and deprived the court of jurisdiction); *Murray*, 2022 WL 42813, at *3 (concluding that the complaint was

ambiguous when although it sought actual and punitive damages, it did not specify whether the amount sought exceeded $75,000 even assuming that one component of the actual damages sought was at least $49,000); *see also Gill v. Crowe*, No. 1:15-cv-1827-JMC, 2015 WL 4231798, at *2–3 (D.S.C. July 13, 2015) (holding that when the plaintiff sought actual and punitive damages in an unspecified amount, the plaintiff's post-removal stipulation clarified the complaint and deprived the district court of jurisdiction). Accordingly, the Court accepts Plaintiff's stipulation as clarification that the amount in controversy does not exceed $75,000. The Court therefore does not possess subject-matter jurisdiction over the claims here and remands the case to state court.

**CONCLUSION**

Wherefore, based upon the foregoing, this action is REMANDED to the Richland County Court of Common Pleas.

IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States District Judge

July 31, 2024
Columbia, South Carolina